BARNES, Judge,
concurring in result with separate opinion.
I concur in result. Although my colleagues affirm the adjudication of delinquency, I differ with them as to the route they took to get there. I believe that the meaningful opportunity to confer was extended, considered, and knowingly and voluntarily waived as contemplated by Indiana Code Section 31-32-5-2.
Detective Myers first explained to J.L. and his mother that she would read the Warning of Rights form and then give them time to talk together. After informing J.L. and his mother of J.L.’s rights, Detective Myers asked J.L. and his mother if they wanted to talk before the interview went any further. The two briefly conferred and confirmed that they wanted to continue. J.L. then read aloud the Waiver portion of the form, which included the statement, “I have been allowed time to consult with my parents or legal guardian without a police officer present.” Ex. 3. J.L. and his mother agreed that he would talk to Detective Myers, and J.L. signed the form.
After reviewing the video of Detective Myers informing J.L. and his mother of J.L.’s rights, the trial court stated, “I can’t recall when I have seen a more methodical approach to that.” Tr. p. 50. I agree. As for the majority’s concerns about J.L.’s demeanor, I note that he touched his face with his hands throughout the interview, not only when he was questioned regarding the opportunity to confer with his mother. I do not agree that his response was equivocal.
I am fully aware that the protections of the juvenile waiver statute are intended to ensure that juveniles have the opportunity to engage in meaningful consultation with their parent or guardian regarding the allegations, the circumstances of the case, and the ramifications of their responses to police questioning and confessions. Trow-bridge v. State, 717 N.E.2d 138, 148 (Ind. 1999). However, “Officers are unable, and cannot be expected, to force substantive communication between children and their parents.” Id. Under the totality of circumstances, I believe the trial court prop *445 erly determined that both J.L. and his mother knowingly and voluntarily waived J.L.’s rights. Accordingly, I believe it is unnecessary to determine whether the admission of J.L.’s statement was harmless beyond a reasonable doubt.